

DA 08-0406

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 112N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

BRADLEY DONALD EISENMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-89-9036
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Bradley D. Eisenman, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Betty Wing, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  March 11, 2009

Decided:  April 2, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Bradley Donald Eisenman (Eisenman) appeals from the District Court's order denying his request to remove a restitution obligation from his prior judgment. We affirm.

¶3    Eisenman entered guilty pleas in 1990 to two burglaries committed in Missoula. The court sentenced Eisenman to two concurrent suspended sentences of ten years each. The court also ordered Eisenman to pay restitution in the amount of $8,245.83.

¶4    The court revoked Eisenman's probation in 1997. The court imposed two concurrent ten-year sentences to Montana State Prison (MSP), with two years suspended. At that point, Eisenman had paid only $35 on his restitution obligation. Eisenman eventually discharged these sentences.

¶5    Eisenman now finds himself incarcerated again at MSP on unrelated charges. He filed a motion on June 17, 2008, requesting that the District Court order the MSP Accounting Department to remove from its records the outstanding restitution owed from the 1990 sentences. The District Court denied the motion on August 11, 2008. Eisenman appeals.

¶6    Eisenman argues on appeal that he discharged his 1990 sentences and the restitution

2

obligation along with those sentences.  The State points to our recent decision in *State v. Brown*, 2008 MT 115, 342 Mont. 476, 182 P.3d 75, in which we held that "restitution obligations have always been, in substance, civil judgments" and that "[t]he duty to pay full restitution under the sentence remains with the offender *until full restitution is paid.*" *Brown*, ¶ 18.

¶7     We review a district court's legal conclusions for correctness. *Brown*, ¶ 11.  We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions.  It is manifest on the face of the briefs and record before us that the District Court correctly applied well settled Montana law to the facts of this case.

¶8     We affirm.

/S/ BRIAN MORRIS


We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE